UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK L. MITCHELL, | No. 2:14-cv-2993 MCE AC PS |
| Plaintiff, | |
| v. | ORDER |
| JERRY BROWN, GOVERNOR OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by E.D. Cal. R. 302(c)(21). Plaintiff has now submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Although the complaint here contains many pages of unnecessary legal citations and arguments, the factual allegations are consolidated on pages 11-12. See ECF No. 1. Plaintiff alleges that he was charged with a sex offense, convicted by a jury on November 4, 2000, and sent to state prison. After his release, plaintiff was ordered to comply with California's version of "Megan's Law," which requires sex offenders to register with law enforcement authorities, and to be placed in a "classification & notification Internet data base." See Cal. Penal Code §§ 290, et seq. Plaintiff further alleges that his crimes were committed, he was charged with those crimes, and he was convicted of those crimes all before the enactment of Megan's Law. Plaintiff alleges that the application of that law to him therefore violates the Ex Post Facto Clause of the U.S. Constitution. Accordingly, the court construes the complaint to be an ex post facto challenge, pursuant to 42 U.S.C. § 1983, to California's version of Megan's Law, Cal. Penal Code § 290, et seq.

The court notes that the Alaska version of Megan's Law has already been found to be a civil regulatory scheme rather than "punishment," and therefore not a violation of the ex post facto clause. Smith v. Doe I, 538 U.S. 84 (2002). However, the court cannot say that Smith renders plaintiff's claim frivolous, since the Smith decision relied upon the Court's finding that Alaska's legislature intended to create "a civil, nonpunitive regime," and that its effects did not "negate Alaska's intention to establish a civil regulatory scheme." Id., at 96 & 105. On the record currently before the court, the court cannot opine on the California version of Megan's Law.

Plaintiff seeks solely injunctive relief against the Governor and the California Department of Corrections and Rehabilitation ("CDCR"). A Section 1983 claim seeking only injunctive relief against a state official may state a claim. However, the same claim asserted directly against that official's state or that official's agency cannot proceed. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (holding that an injunctive "suit against the State and its Board of Corrections is barred by the Eleventh Amendment"). Accordingly, the complaint against the Governor can proceed, but

1 the complaint against the CDCR is dismissible as frivolous pursuant to 28 U.S.C. § 1915(a).

2    For the reasons stated above, IT IS HEREBY ORDERED THAT:

3    1. Plaintiffs' application to proceed in forma pauperis (ECF No. 2) is GRANTED.

4    2. The claims against defendant CDCR are hereby DISMISSED with leave to amend. Plaintiff may proceed forthwith to serve the Governor, as set forth below, and pursue his claims against only the Governor, or he may delay serving the Governor and attempt to state a cognizable claim against additional defendants, other than the CDCR itself.  If plaintiff elects to attempt to amend his complaint to state a cognizable claim against other defendants, he has thirty days so to do.  He is not obligated to amend his complaint.

10    3. If plaintiff elects to proceed forthwith against the Governor alone, then within thirty days he must return materials for service of process enclosed herewith, as described below.  In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendant CDCR, without prejudice.

14    4. Service is appropriate for the following defendant: Jerry Brown, Governor of California.

16    5. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.

19    6. The Clerk of the Court shall send plaintiffs one USM-285 form for each defendant, one summons, a copy of the complaint, and an appropriate form for consent to trial by a magistrate judge.

22    7. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall file a statement with the court that said documents have been submitted to the United States Marshal</u>. The court anticipates that, to effect service, the U.S. Marshal will require at least:

26    a. One completed summons for each defendant;

27    b. One completed USM-285 form for each defendant;

28    c. One copy of the endorsed filed complaint for each defendant, with an extra

copy for the U.S. Marshal; and

    d.  One copy of the instant order for each defendant.

8.  In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

9.  The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, CA, 95814, Tel. No. (916) 930-2030.

10.  Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: February 2, 2015

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE