UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK L. MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>KAMALA D. HARRIS, ATTORNEY GENERAL OF CALIFORNIA; and JAMES C. SANCHEZ, CITY ATTORNEY OF SACRAMENTO,<br><br>Defendants. | No. 2:14-cv-2993 MCE AC<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiff's motion for reconsideration of the judgment entered against him on April 21, 2016.

PROCEDURAL BACKGROUND

Plaintiff, acting *in pro se*, filed his original complaint on December 29, 2014 (ECF No. 1) and a First Amended Complaint on September 3, 2015 (ECF No. 24).  He claimed that the application to him of the Sex Offender Registration Act, Cal. Penal Code § 290.46 ("Megan's Law,") violated the Ex Post Facto and Due Process Clauses of the U.S. Constitution, because he had been tried and convicted years before the law's enactment. ECF No. 1.  Citing the potential for violence against him by members of the public, who may gain internet access to his name and address under provisions of the statute, plaintiff sought injunctive relief.

1

1    Defendants moved to dismiss the complaint on January 11, 2015.  ECF No. 31.
2    Following responsive briefing and oral argument, the First Amended Complaint was ultimately
3    dismissed on the merits of the Ex Post Facto claim, without further leave to amend, on April 21,
4    2015.  ECF Nos. 38 (Findings and Recommendations), 43 (Order adopting Findings and
5    Recommendations).  ECF No. 43.  Judgment was entered against plaintiff on the same day, and
6    this case was closed.  ECF No. 44.

7    By the present motion, plaintiff timely seeks reconsideration of the order dismissing his
8    case, and relief from the judgment, pursuant to Rule 59(e), Federal Rules of Civil Procedure.
9    ECF No. 45.

## LEGAL STANDARDS

Rule 59(e), Federal Rules of Civil Procedure, permits the court to alter or amend a judgment.  "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion."  McDowell v. Calderon, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (en banc).

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc), cert. denied, 529 U.S. 1082 (2000)).  However, "amending a judgment after its entry remains an extraordinary remedy which should be used sparingly."  Allstate, 634 F.3d at 1111 (internal quotation marks omitted).  Amendment of judgment is sparingly used to serve the dual "interests of finality and conservation of judicial resources."  See Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

## DISCUSSION

Plaintiff seeks amendment of the judgment in light of what he characterizes as "newly discovered evidence" regarding the impact of Megan's Law.  ECF No. 45 at 1.  The judgment was based on the court's conclusion that petitioner had not established, and could not establish,

2

1 that Megan's Law constituted a punishment subject to challenge under the Ex Post Facto Clause.
2 More specifically, the court found that there was evidence of neither punitive legislative intent
3 nor punitive practical effect.  ECF No. 38.  Plaintiff now points to his discovery of a March 4,
4 2013 Sacramento County criminal case, in which two defendants were convicted of murdering a
5 sex offender they identified through Megan's List.

6      The information on which plaintiff relies does not constitute "newly discovered evidence"
7 within the meaning of Rule 59.  "A Rule 59(e) motion may *not* be used to raise arguments or
8 present evidence for the first time when they could reasonably have been raised earlier in the
9 litigation."  Kona Enterprises, 229 F.3d at 890 (emphasis in original).

10      Plaintiff's newly presented evidence involves a case from 2013.  There is no reason to
11 believe that this information was unavailable during the pendency of the case and could not have
12 been raised earlier.  Although plaintiff may not have been personally aware of the case, it could
13 have been discovered through the exercise of reasonable diligence and presented in the original
14 complaint in December 2014, in the amended complaint in April 2015, or in opposition to the
15 motion to dismiss in February 2016.  See Far Out Products, Inc. v, Oskar, 247 F.3d 986, 998 (9th
16 Cir. 2001) (to prevail under Rule 59(e) on grounds of newly discovered evidence, movant must
17 have exercised due diligence to discover the evidence during litigation). Because this information
18 was not previously unavailable, it does not support relief under Rule 59(e).

19      Moreover, the newly presented facts would not require a different result.  To compel relief
20 under Rule 59(e), new evidence must be "of such magnitude that it would likely have changed the
21 outcome of the case."  Far Out Products, 247 F.3d at 998.  The victimization by vigilantes of a
22 single registered sex offender, while certainly illustrative of plaintiff's legitimate concerns, does
23 not establish that the statute itself has a punitive effect within the meaning of Ex Post Facto
24 jurisprudence.

25      For these reasons, and in light of the interests of finality and conservation of judicial
26 resources, plaintiff's belated presentation of facts does not warrant reconsideration of the
27 judgment.
28 ////

CONCLUSION

For the reasons stated above, IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Reconsideration be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 159 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1157-1157 (9th Cir. 1991).

DATED:  November 14, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE